UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH KELLY (#124085)                                           CIVIL ACTION

VERSUS

BOBBY JINDAL, ET AL.                                              NO. 15-537-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 22, 2016.

                                                         RICHARD L. BOURGEOIS, JR.
                                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENNETH KELLY (#124085)**                                     **CIVIL ACTION**

**VERSUS**

**BOBBY JINDAL, ET AL.**                                        **NO. 15-537-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Bobby Jindal, James LeBlanc, Robert Tanner, Dr. Sing, Dr. DuLaney, and Butch Browning, complaining that his constitutional rights are being violated due to conditions of confinement which he alleges violate federal and state fire marshal codes, and due to medications being administered to fellow inmates under such allegedly unsafe conditions. He prays for compensatory and punitive damages, together with injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157

F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez*, *supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff alleges in his Complaint, that there are violations of federal and state fire marshal codes at EHCC that violate his Eighth Amendment rights.  Specifically, the plaintiff alleges that there is no fire sprinkler system in place, and there are a lack of prison officials trained to carry out an evacuation.  The plaintiff alleges that these conditions are unsafe, especially for offenders who are given medications that affect their mental status.

First, it is unclear whether the plaintiff has named the defendants herein in both their individual and their official capacities.  As to any claims the plaintiff may be asserting against the defendants in their official capacities, section 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989).  Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.  *Id*. at 25.  Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal.  In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their

individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Additionally, the plaintiff's request for prospective injunctive relief against the defendants in their official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Accordingly, this aspect of the plaintiff's claim should be rejected. Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery.

Regarding the plaintiff's allegations that his constitutional rights have been violated due to the lack of a sprinkler system and personnel trained to carry out an evacuation, in order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). The plaintiff has made no allegations of personal involvement on the part of any named defendant. Any implied allegation that the defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional

violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith, supra*.  In the absence of any such factual allegations relative to any defendant, there is no basis for the imposition of liability against any defendant.

In the alternative, a substantive review of the plaintiff's claims would fare no better. The plaintiff's Complaint fails to state a claim under § 1983 against the defendants named in this proceeding in any event.  As with any safety risk, the Eighth Amendment requires that prison officials provide adequate fire safety for inmates.  *Johnson v. Tex. Bd. of Crim. Justice,* 281 Fed. Appx. 319, 321 (5th Cir. 2008) (citing *Ruiz v. Estelle,* 679 F.2d 1115, 1153 (5th Cir. 1982), *modified on other grounds,* 688 F.2d 266 (5th Cir. 1982)).  Plaintiff herein, like the plaintiff in *Johnson,* has not alleged a specific risk of harm or that any actual harm has occurred as a result of the fire system or evacuation plan at the prison.  In addition, "[w]hile fire and electrical codes can be helpful in determining whether a lack of fire safety can constitute a violation of the Eighth Amendment, they are not determinative, and the Eighth Amendment does not require that prisons meet fire and electrical codes." *Johnson,* 281 Fed. Appx. at 322 (citing *Ruiz,* 679 F.2d at 1153 and *Giovanni v. Lynn,* 48 F.3d 908, 912–13 (5th Cir. 1995)).  As such, the plaintiff's allegations are frivolous and do not state a claim for relief under § 1983, and should be dismissed with prejudice as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.

Finally, to the extent that the plaintiff is asserting a complaint regarding medications administered to other inmates, this claim is not properly before the Court.  A *pro se* litigant does not have standing to assert the civil rights of third parties injured by the defendants' alleged unlawful conduct.  *See Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir.1986).

The Court notes that the plaintiff has also filed a Motion (R. Doc. 5) for injunctive relief. In order to obtain injunctive relief, the plaintiff must demonstrate '(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.' *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). As explained more fully above, the plaintiff's claims are frivolous and without merit; therefore, there is not a substantial likelihood that the plaintiff will prevail on the merits. Accordingly, the plaintiff's Motion should be denied.

## RECOMMENDATION

It is recommended that plaintiff's Motion for injunctive relief (R. Doc. 5) be denied. It is further recommended that this action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on February 22, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."